# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KENNEDY McDOW,

        Plaintiff,

v.                                                                                 No. CIV-06-0045 JB/LFG

ROXEANNE ESQUIBEL, JANE DOE, JOHN DOE,
MELISSA ARMSTRONG, JOHN DOE, JOHN BLANSETT,
CANON STEVENS, REGINA SEWELL, WILLIAM WOLTZ,
MICHAEL KWASNIEWSKI, NORBERT SANCHEZ,
LEON LEDBETTER, LISA DELORM, JOHN DOE,
EDUARDO MEDRANO, ROBBIE VIRDEN, GEORGE BENAL,
12TH JUDICIAL DISTRICT PUBLIC DEFENDER OFFICE,
12TH JUDICIAL DISTRICT ATTORNEY OFFICE,
OTERO COUNTY SHERIFF OFFICE,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule12(b)(6) of the Federal Rules of Civil Procedure, to review the Plaintiff's civil rights Complaint. The Plaintiff is incarcerated, appears pro se, is proceeding in forma pauperis. For the reasons stated below, the Court will dismiss the Plaintiff's Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*,

925 F.2d 363, 365 (10th Cir. 1991)). In reviewing the Plaintiff's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint names twenty Defendants[1] and asserts claims of false arrest, false imprisonment, and malicious prosecution. The Plaintiff alleges that the State charged him with kidnaping, criminal sexual penetration and contact, intimidation of a witness, and tampering with evidence. In the criminal proceedings, state law enforcement and prosecutorial agents knowingly used false information and misled the court to obtain the warrants, indictment, and conviction. The state court ultimately convicted the Plaintiff of false imprisonment and evidence tampering.

The Plaintiff further alleges that his public defender attorneys violated his right to counsel by acting "as deputy district attorney[s]," concealing evidence, agreeing to extensions of speedy trial deadlines without his consent, and disclosing privileged information. The Complaint seeks damages and an order requiring that a letter be sent to the Plaintiff's employer and a California family court.

The Complaint names certain state agencies and a number of state employees in their official capacities (the "state" Defendants). The Court may not grant relief on the Plaintiff's claims against these Defendants. A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a person violated a plaintiff's federal right and the person acted "under color of state law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). Claims against state defendants are equivalent to a suit against the State itself,

---

[1] The Complaint is not completely consistent in naming parties. In the caption, the Plaintiff names the Otero County Sheriff's Office but makes no allegations against this entity. The caption does not mention the New Mexico State Police, but in the text, the Plaintiff asserts a supervisory claim against this entity for allowing Officer Benal to conceal evidence.

*See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), and thus allegations against these Defendants fail to state claims against "persons" for purposes of § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. "The Supreme Court held in *Will* that 'neither a State nor its officials acting in their official capacities are "persons" under § 1983. As we explained . . . , "a governmental entity that is an arm of the state for Eleventh Amendment purposes" is not a "person" for section 1983 purposes.' " *McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (internal citations omitted). The Court will dismiss Plaintiff's claims against these Defendants.[2]

The Court also will dismiss claims against Defendants Otero County, Otero County Sheriff Office, and county officers in their official capacities. Liability will not attach against a county entity for the acts of employees unless the plaintiff alleges that the employee acted pursuant to a policy or custom of the county. *See Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (stating that § 1983 liability against county requires showing that moving force for the violation was municipal policy or custom). The Complaint contains no allegations that the Sheriff's Office Defendants carried out the false arrest or imprisonment pursuant to a custom or practice of the Sheriff's Office. The Plaintiff's allegations therefore do not state claims against these Defendants.

The Court cannot say, however, that it is patently obvious that allowing the Plaintiff an opportunity to amend his complaint to allege a policy or custom would be futile. In paragraph 19 on

---

[2] The Plaintiff's request for an equitable order requiring a letter to an employer and a California family court does not affect this conclusion. Because the complaint does not allege continuing violations of federal law, the claim for injunctive relief is frivolous. *See Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) ("when there is 'no ongoing violation of federal law,' 'a suit against a state officer--a suit the decision of which will as a practical matter bind the state--should be treated for what it is: a suit against the state.' ") (citations omitted).

page 7 of his Complaint, which addresses Defendant Otero County, the Plaintiff alleges that "Defendant knowingly allows untrained deputy to investigate cases without any training supervisor or any supervision." While this allegation is not, alone, sufficient to allege a policy or custom, the Court is reluctant to foreclose any opportunity for the Plaintiff to attempt to allege facts that would. Accordingly, the Court will allow the Plaintiff to file an amended complaint to allege a policy or custom of the county.

Defendants Esquibel and Jane Doe, as assistant district attorneys, and their investigator Armstrong are immune from the Plaintiff's claims. As the Supreme Court has ruled, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Plaintiff alleges that these Defendants misrepresented his prior criminal history to the court and failed to disclose exculpatory evidence to the grand jury. Under the recent decision in *Pierce v. Gilchrist*, 359 F.3d 1279 (10th Cir. 2004), the Plaintiff may not proceed on these allegations. The court in *Pierce* affirmed the district court's ruling that "claims that [the prosecutor] (i) encouraged, aided, and abetted . . . false testimony . . . were all barred by absolute prosecutorial immunity. . . ." *Id.* at 1300. Furthermore, "[a]s to the district attorney's investigators, it would hardly seem reasonable to exculpate the district attorney and to not immunize his underlings." *Atkins v. Lanning*, 556 F.2d 485, 489 (10th Cir. 1977). *See Pleasant v. Lovell*, 974 F.2d 1222, 1230-31 (10th Cir. 1992). The Court will dismiss Plaintiff's claims against these Defendants.

The Plaintiff's allegations do not support claims against the state public defenders Stevens, Kwasniewski, and Sewell. As noted above, a complaint under 42 U.S.C. § 1983 must allege facts demonstrating that a defendant acted "under color of state law." *Gomez v. Toledo*, 446 U.S. at 640;

*Houston v. Reich*, 932 F.2d at 890. A public defender undertaking a defense does not act under color of state law for purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995). The Court will dismiss the Plaintiff's claims against these Defendants.

Nor do the Plaintiff's allegations support individual-capacity claims against law enforcement officers Blansett, Sanchez, Woltz, Medrano, Ledbetter, DeLorm, Virden, John Doe, and Benal. These claims arise from both the Plaintiff's arrest and the testimony that certain of these Defendants gave. First, "claims of false arrest, false imprisonment, and malicious prosecution must be premised on a lack of probable cause." *Hoffman v. Martinez*, 92 F. App'x 628, 631 (10th Cir. 2004) (noting that, under New Mexico law, a judicial determination to bind a plaintiff over for a criminal trial constitutes prima facie evidence of the existence of probable cause for detention). *See Romero v. Fay*, 45 F.3d 1472, 1481 (10th Cir. 1995). Here, the Plaintiff was arrested, indicted, arraigned, and tried. The jury found him guilty of at least two of the charges against him. The eventual dismissal of other charges did not re-implicate the probable cause element from the time of arrest. *See id.* at 1478. The Court will dismiss the Plaintiff's claims against the law enforcement Defendants for false arrest and imprisonment.

Furthermore, the law enforcement Defendants, as well as the polygraph-examiner Defendants John Does 1 and 2, are immune to the Plaintiff's claims of false testimony. A witness who testifies in judicial proceedings is absolutely immune to a suit under § 1983, even where the witness is a government official who allegedly gave false or contradictory testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983) (Brennan, Marshall, Blackmun, JJ., dissenting). The Court will dismiss Plaintiff's claims against these Defendants and, having dismissed claims against all the Defendants,

will dismiss the Complaint with prejudice. *See Stein v. Western Estate Serv. Inc.*, 139 F. App'x 37, 38 (10th Cir. 2005).

**IT IS THEREFORE ORDERED** that the Plaintiff's Complaint is DISMISSED with prejudice, except regarding his §1983 claims against Defendants Otero County, Otero County Sheriff Office, and county officers in their official capacities, which are dismissed without prejudice. The Plaintiff shall have ten days from the entry of this order to file any amended complaint against these Defendants properly alleging that the employees acted pursuant to a policy or custom of the county.

_____
UNITED STATES DISTRICT JUDGE